DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Victoria Hamby, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, granting Appellee Claude Hamby's motion to terminate a shared parenting plan. We affirm.
 I. {¶ 2} Appellant filed a complaint for divorce against Appellee on June 13, 2001. Appellee filed a counterclaim on July 2, 2001. The parties have one daughter, G.H., born July 30, 1996. Appellee also has two children from a prior marriage and is now remarried. On May 3, 2002, the trial court entered a decree of divorce, incorporating a shared parenting plan agreed upon by the parties. Heavy litigation ensued between the parties, as they almost immediately began seeking a variety of modifications to the child support and custody provisions.
 {¶ 3} On November 1, 2004, Appellee filed a motion to terminate the shared parenting plan. Appellee claimed that Appellant had falsely accused him of abusing G.H., filing two police reports and taking her to the hospital. Appellee also alleged that school officials were reporting "erratic behavior" and "inattention to [G.H.'s] school attendance" and schoolwork on Appellant's part. Following an evidentiary hearing, the magistrate granted the motion to terminate the shared parenting plan but awarded custody to Appellant, rather than Appellee. The magistrate found that Appellant had brought the child abuse allegations in good faith and that Appellant had shown a greater commitment to the G.H.'s well-being than had Appellee. Appellee filed objections to the magistrate's ruling and the trial judge sustained the objection without an additional hearing, awarding custody to Appellee. Appellant filed this appeal, asserting three assignments of error.
 II. A. First Assignment of Error "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING THAT A CHANGE OF CIRCUMSTANCES HAD OCCURRED AND ABSENT FINDINGS OF FACT AND CONCLUSIONS OF LAW STATING WHAT HAD OCCURRED SUPPORTING TESTIMONY AND EVIDENCE AND FAILING TO CONSIDER THE HARM OF THE CHANGE OF CUSTODIAL AND RESIDENTIAL PARENT OF THE PRIOR DECREE."
 {¶ 4} When reviewing an appeal from a trial court's action on a magistrate's decision under Civ. R. 53(D)(4), we must determine whether the trial court abused its discretion in adopting the decision.Mealey v. Mealey (May 8, 1996), Wayne App. No. 95CA0093, at *2. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Id. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 5} Appellant argues that the trial judge abused his discretion by finding a change in circumstances without giving findings of fact or conclusions of law and by failing to consider the potential harm to G.H. that might result from a change in custodial arrangements. R.C. 3109.04(E)(1)(a) permits a court to modify a shared parenting plan only if the modification would be in the child's best interest due to a change in circumstances, based on new facts that have arisen since the date of the existing decree or based on facts that were unknown to the court at the time of the decree. Additionally, if the parents do not agree to a change in the residential parent and the child has not become integrated into the family of the person who wishes to be the residential parent, the court must find that the benefit of changing the child's environment outweighs the likely harm to the child from that change in order to make the modification. R.C. 3109.04(E)(1)(a)(iii).
 {¶ 6} The present motion, however, is not a motion to modify the shared parenting plan pursuant to R.C. 3109.04(E)(1) but a motion toterminate it pursuant to R.C. 3109.04(E)(2)(c). See Tyras v. Tyras (June 14, 2000), 9th Dist. No. 99CA007301, at *1. A termination under this section does not require a showing of a change in circumstances or a showing that the advantages of the change outweigh the likely harm. Therefore, even if the trial judge had abused his discretion in finding a change in circumstances or in failing to weigh the advantages of the change against the likely harm, such error has no bearing on the propriety of the trial court's decision. Appellant's first assignment of error is overruled.
 B. Second Assignment of Error "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DISREGARDING ALL THE RELEVANT FACTORS OF 3109.04 IN TERMINATING THE SHARED PARENTING PLAN CONTRARY TO THE BEST INTEREST OF THE CHILD."
 Third Assignment of Error "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY SUSTAINING APPELLEE'S OBJECTIONS CONTRARY TO THE RECOMMENDATIONS OF THE GUARDIAN AD LITEM, FAMILY COURT SERVICES AND THE MAGISTRATE'S DETERMINATION ALL AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 7} In her second assignment of error, Appellant claims that the trial court abused its discretion by disregarding the factors provided in R.C. 3109.04(F)(1)(a)-(j) in determining the best interests of the child. In her third assignment of error, Appellant claims that the trial court abused its discretion by failing to give adequate weight to the testimony of G.H.'s guardian ad litem and the Family Court Services Evaluator, who both recommended that the shared parenting plan remain in effect.
 {¶ 8} Under both assignments of error, Appellant is properly contesting an element of R.C. 3109.04(E)(2)(c), the termination statute, as opposed to the modification statute. Furthermore, Appellant does not contend that she should have been awarded full custody, only that it was improper to terminate the original shared parenting plan. However, neither party objected at the trial level as to the issue of whether or not the shared parenting plan was properly terminated. Appellant filed no objections; Appellee objected to the allocation of custody but did not object to the termination. In determining that the shared parenting plan should be terminated, however, the trial judge adopted that portion of the magistrate's decision. Nevertheless, Appellant did not file any objections to the magistrate's decision, and Appellee did not and could not contest the termination because it was Appellee who filed the motion to terminate. Because the issue of termination was not raised before the trial judge, Appellant has waived her arguments contesting that portion of the trial court's decision on appeal. See Civ. R. 53(D)(3)(b)(iv);In re Guardianship of Berkes (Mar. 31, 1999), 9th Dist. No. 19225, at *4. The second and third assignments of error are therefore overruled.
 III. {¶ 9} Appellant's three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
SLABY, P. J. MOORE, J. CONCUR