[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Bruns v. Green*, Slip Opinion No. 2020-Ohio-4787.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4787

BRUNS, APPELLEE, *v.* GREEN, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Bruns v. Green*, Slip Opinion No. 2020-Ohio-4787.]

*Domestic relations—R.C. 3109.04—A trial court need consider only the best interest of the child when deciding whether to terminate a shared-parenting plan and which parent to designate as the residential and custodial parent of a minor child.*

(Nos. 2019-1028 and 2019-1178—Submitted April 7, 2020—Decided October 8, 2020.)

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County, No. 18AP-259, 2019-Ohio-2296.

_____

STEWART, J.

{¶ 1} In this appeal, we are asked to decide whether a trial court must find a change in circumstances in order to designate a parent the residential parent and legal custodian of a minor child after terminating a shared-parenting plan and

decree. After considering the language of R.C. 3109.04, we hold that a trial court need consider only the best interest of the child when deciding whether to terminate a shared-parenting plan and which parent to designate as the residential and custodial parent of a minor child. Accordingly, we affirm the judgment of the Tenth District Court of Appeals, which upheld the decision of the Juvenile Division of the Franklin County Court of Common Pleas that terminated the shared-parenting plan between appellant, Marcus Green, and appellee, Kayleigh Bruns, and designated Bruns as the sole residential and legal custodian of the parties' minor child.

**Facts and Procedural History**

{¶ 2} Green and Bruns are the biological parents of a minor child who was born in 2012. In October 2014, after ending their relationship, Green and Bruns entered into a shared-parenting plan, which the trial court approved in accordance with R.C. 3109.04. Under the plan, the parties agreed to joint residential and legal custody of their child and agreed that Green should be listed as the "school placement parent" as long as he continued to live in the Westerville School District. The parties also agreed to equal parenting time; to split the costs of daycare 60/40, with Green paying the majority; and to split the costs of extracurricular activities and medical expenses evenly. After approving the shared-parenting plan, the trial court incorporated it into a final shared-parenting decree, as required by R.C. 3109.04(D)(1)(d).

{¶ 3} Less than a year after the shared-parenting decree was issued, Green moved the court for full custody of the child. In response, Bruns filed a motion to terminate shared parenting and to reallocate parental rights and responsibilities in which she asked the trial court to terminate the shared-parenting plan under R.C. 3109.04(E)(2)(c) or in the alternative, to modify the plan. Green responded by filing a similar motion requesting termination of the shared-parenting plan or in the alternative, modification of the plan. In their respective motions, Bruns and Green

2

each asked the court for sole residential and legal custody of the child and for an order directing the other parent to pay child support.

{¶ 4} After holding several hearings over the course of 2017, the trial court entered a judgment that terminated the shared-parenting plan[1] and designated Bruns as the sole residential parent and legal custodian. The court noted various reasons why this decision was in the best interest of the child.

{¶ 5} Green appealed to the Tenth District Court of Appeals and argued that the trial court erred when it terminated the shared-parenting plan and changed the designation of the child's residential parent without first finding a change in circumstances under R.C. 3109.04(E)(1)(a). The Tenth District affirmed the decision of the trial court. In its decision, the court of appeals determined that changed circumstances are not required in order to issue a modified decree allocating parental rights and responsibilities to a single parent, after a prior shared-parenting plan has been terminated. The court stated that the only relevant consideration is what is in the child's best interest.

{¶ 6} Green filed a jurisdictional appeal to this court, raising a single proposition of law challenging the appellate court's conclusion that it is not necessary to find a change in circumstances before making changes to the designation of residential parent and legal custodian following the termination of a shared-parenting plan and decree. While Green's jurisdictional motion was pending, the Tenth District certified a conflict between its judgment in this case and the judgment in *Wright v. Wright*, 5th Dist. Stark No. 2011CA00129, 2012-Ohio-1560, in which the Fifth District Court of Appeals held that a change-in-circumstances finding was necessary for modification of the designation of residential parent and legal custodian following the termination of a shared-

---

1. R.C. 3109.04(D)(1)(d) requires that an approved shared-parenting plan be incorporated into a shared-parenting decree that orders shared parenting. Accordingly, when a court terminates a shared-parenting plan, the shared-parenting decree also terminates. *See* R.C. 3109.04(E)(2)(c).

parenting plan. We determined that a conflict exists and also accepted Green's jurisdictional appeal. We consolidated the two cases and ordered briefing on the following question of law:

> Does the termination of a shared parenting plan and decree and subsequent modification of parental rights and responsibilities under R.C. 3109.04(E)(2) require first a finding of a change in circumstances under R.C. 3109.04(E)(1)(a)?

157 Ohio St.3d 1446, 2019-Ohio-4177, 132 N.E.3d 722. We now answer the question in the negative.

**Analysis**

{¶ 7} We find that the language and structure of R.C. 3109.04 make clear that R.C. 3109.04(E)(1)(a) does not apply when there has been a termination of a shared-parenting plan and decree.

*The Language and Structure of R.C. 3109.04*

{¶ 8} R.C. 3109.04 establishes the process for allocating parental rights and responsibilities between the parents of a minor child. R.C. 3109.04(A)(1) provides that if neither parent requests a shared-parenting arrangement or if the parents fail to properly file for shared parenting, a trial court is obligated to "allocate the parental rights and responsibilities for the care of the children primarily to one of the parents" and then "designate that parent as the residential parent and the legal custodian of the child." But when one or both parents have requested shared parenting and have filed a plan for shared parenting that the court determines is in the best interest of the child, the trial court may

> allocate the parental rights and responsibilities for the care of the children to both parents and issue a shared parenting order requiring

4

the parents to share all or some of the aspects of the physical and legal care of the children in accordance with [an] approved plan for shared parenting.

R.C. 3109.04(A)(2).

{¶ 9} In addition to outlining how a trial court initially allocates parental rights and responsibilities, R.C. 3109.04 also sets forth the procedures to be followed in the event that either a parent or the trial court finds it necessary to make changes to a shared-parenting decree or plan. The procedures differ depending on whether the trial court intends to modify a decree that allocates parental rights and responsibilities, modify the terms of a shared-parenting plan, or terminate a shared-parenting decree and plan.

{¶ 10} Under R.C 3109.04(E)(1)(a), a trial court may modify a decree that allocates parental rights and responsibilities for the care of children, including shared-parenting decrees. The statute states:

The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶ 11} R.C. 3109.04(E)(1)(a) allows for modification of a shared-parenting *decree*. R.C. 3109.04(E)(2)(a) and (b) allow for the modification of the *terms of a shared-parenting plan*. Subsection (E)(2)(a) provides that when both parents subject to a shared-parenting decree have jointly agreed on certain modifications to the terms of the shared-parenting plan, the court may make those modifications if it determines that they are in the best interest of the child. Subsection (E)(2)(b) authorizes the trial court—on its own initiative or at the request of one or both parents—to modify the terms of the shared-parenting plan when modification is found to be in the best interest of the child.

{¶ 12} In contrast to subsection (E)(1)(a), which outlines how to modify a custody decree, and subsections (E)(2)(a) and (b), which outline how to modify the terms of a shared-parenting plan, subsection (E)(2)(c) provides the procedures for *terminating* a shared-parenting decree that includes a shared-parenting plan. R.C. 3109.04(E)(2)(c) states:

The court may terminate a prior final shared parenting decree that includes a shared parenting plan * * * upon the request

6

of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children.

{¶ 13} In the event that the court terminates a shared-parenting decree, R.C. 3109.04(E)(2)(d) provides:

Upon the termination of a prior final shared parenting decree under division (E)(2)(c) of this section, the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under divisions (A), (B), and (C) of this section *as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made.*

(Emphasis added.) As noted above, if neither parent has ever filed for shared parenting, the court, *in accordance with the best interest of the child*, is to allocate parental rights and responsibilities primarily to one parent and designate that parent as the residential parent and legal custodian of the child. *See* R.C. 3109.04(A)(1).

*The Trial Court Correctly Considered Only the Best Interest of the Child*

{¶ 14} In its order terminating shared parenting, the trial court specifically recognized that it was the wish of both parents to terminate the shared-parenting plan and designate a single residential parent and legal custodian for the minor child. Following the dictates of R.C. 3109.04(E)(2)(c), the trial court terminated the shared-parenting plan and decree. And following the plain language of R.C. 3109.04(E)(2)(d), the trial court allocated parental rights and responsibilities under R.C. 3109.04(A) through (C) as if there had never been a shared-parenting decree and as if neither party had ever requested shared parenting. This means that the court allocated residential and legal custody to Bruns based on its determination

that doing so was in the best interest of the child. R.C. 3109.04(A)(1). We find no error in the trial court's decision, given that the trial court followed the plain language of the statute and awarded custody based on its determination of the child's best interest. Nevertheless, Green argues that our case law interprets R.C. 3109.04 differently, requiring the trial court to also find a change in circumstances before changing the designation of residential parent and legal custodian.

### Fisher v. Hasenjager

{¶ 15} Green contends that a termination of a shared-parenting plan and decree necessarily involves a modification of the parental rights and responsibilities under the shared-parenting decree. He therefore argues that in addition to considering the best interest of the child, the trial court had to find, based on facts arising since the initial allocation of custody, that "a change * * * occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree," R.C. 3109.04(E)(1)(a). Green supports his argument by citing our decision in *Fisher v. Hasenjager*, 116 Ohio St. 3d 53, 2007-Ohio-5589, 876 N.E.2d 546, in which we held:

> A modification of the designation of residential parent and legal custodian of a child requires a determination that a "change in circumstances" has occurred, as well as a finding that the modification is in the best interest of the child. (R.C. 3109.04(E)(1)(a), construed.)

*Id.* at syllabus.

{¶ 16} Although Green is correct that the facts in *Fisher* are similar to the facts here, the legal issue in *Fisher* is different. In *Fisher*, there was a shared-parenting plan and decree that awarded residential and legal custody to both parents. *See id.* at ¶ 2. Both parents then moved for a modification of the custody

order, each seeking sole residential and legal custody. *Id.* After a hearing in which both parents testified that they wanted to terminate the shared-parenting plan in favor of an arrangement in which one parent had custody and the other had visitation, the trial court found that terminating the shared-parenting plan and designating the mother as the residential parent and legal custodian was in the best interest of the child. *Id.* at ¶ 3, 56. On appeal to the Third District Court of Appeals, the father argued—as Green does here—that the trial court erred in failing to find a change in circumstances, as required by R.C. 3109.04(E)(1)(a), prior to modifying the father's status as a residential parent and legal custodian. *Id.* at ¶ 4.

{¶ 17} After reviewing the record, the appellate court construed the trial court's actions as a modification of shared parenting rather than a termination of shared parenting. *Id.* at ¶ 6. The court then went on to consider whether the modification of the designation of residential parent amounted to a modification of the shared-parenting decree under R.C. 3109.04(E)(1)(a)—which would have required changed-circumstances and best-interest findings—or whether the modification amounted to a modification of the *terms* of the shared-parenting plan under R.C. 3109.04(E)(2)(b), requiring only a best-interest finding. *Id.* at ¶ 7. The Third District concluded that the designation of residential parent and legal custodian is a "term" of a shared-parenting plan and therefore the court had only to consider the best interest of the child under R.C. 3109.04(E)(2)(b) before modifying the designation. *Id.* at ¶ 9.

{¶ 18} Finding its judgment to be in conflict with two different judgments from the Twelfth District Court of Appeals, the Third District certified the following question for this court's review:

> Is a change in the designation of residential parent and legal custodian of children a "term" of a court approved shared parenting decree, allowing the designation to be modified solely on a finding

that the modification is in the best interest of the children pursuant
to R.C. 3109.04(E)(2)(b) and without a determination that a "change
in circumstances" has occurred pursuant to R.C. 3109.04(E)(1)(a)?

*Fisher*, 116 Ohio St. 3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 1.

{¶ **19**} We answered in the negative. In reversing the decision of the Third
District we held that modification of the designation of residential parent and legal
custodian in a shared-parenting plan is a modification of the decree allocating
parental rights and responsibilities, which requires a change-in-circumstances
finding under R.C. 3109.04(E)(1)(a). *Id.* at ¶ 26. As we explained, a shared-
parenting plan is designed to facilitate the award of joint residential and legal
custody under a shared-parenting decree by providing terms and provisions that the
parties have agreed to in advance. *Id.* at ¶ 30. These include agreements
concerning parenting time, holiday visitation, school and daycare placement, and
payment of childcare expenses. In contrast, the designation of residential parent
and legal custodian is an integral part of the *decree* allocating parental rights and
responsibilities. *Id.* at ¶ 31. And the designation is made by the court in its decree,
not in the shared-parenting plan. *Id.* Accordingly, we found that the designation
of residential parent and legal custodian cannot be a term of a shared-parenting plan
and thus cannot be modified pursuant to R.C. 3109.04(E)(2)(b). *Id.* at ¶ 29-31.
Instead it must be modified under the dictates of R.C. 3109.04(E)(1)(a).

{¶ **20**} Our decision in *Fisher* does not support Green's position here. In
*Fisher*, the appellate court determined that the trial court's actions involved a
modification and not a termination of the shared-parenting arrangement. Neither
party in that case challenged that determination on appeal to this court.
Accordingly, we answered the only question before the court, namely, whether a
modification of joint residential and legal custody requires a change-in-
circumstances finding. With the exception of the Fifth District, the court that

decided the conflict case on appeal, every appellate court in Ohio has found that when one or both parents move for termination of the shared-parenting plan, R.C. 3109.04(E)(2)(c) applies and a change-in-circumstances finding is not required. *In re A.C.*, 1st Dist. Hamilton No. C-180088, 2019-Ohio-2891, ¶ 18; *Williamson v. Williamson*, 2d Dist. Clark No. 2003 CA 30, 2003-Ohio-6540, ¶ 15; *Drees v. Drees*, 3d Dist. Mercer No. 10-13-04, 2013-Ohio-5197, ¶ 12-14; *In re J.L.R.*, 4th Dist. Washington No. 08CA17, 2009-Ohio-5812, ¶ 28; *Green v. Richards*, 6th Dist. Wood No. WD-12-039, 2013-Ohio-406, ¶ 26, fn. 1; *Dobran v. Dobran*, 7th Dist. Mahoning No. 97 CA 166, 1999 Ohio App. LEXIS 4124 (Sept. 1, 1999); *In re A.P.D.*, 8th Dist. Cuyahoga No. 100504, 2014-Ohio-1632, ¶ 32, 47; *Hamby v. Hamby*, 9th Dist. Summit No. 23096, 2006-Ohio-6905, ¶ 6; *Bruns v. Green*, 10th Dist. Franklin No. 18AP-259, 2019-Ohio-2296; *In re K.R.,* 11th Dist. Trumbull No. 2010-T-0050, 2011-Ohio-1454, ¶ 42; *Hatfield v. Cornell*, 12th Dist. Fayette No. CA2017-05-011, 2018-Ohio-798, ¶ 13, fn. 2. These decisions are correct.

## Conclusion

{¶ 21} We find that under the plain language of R.C. 3109.04, a trial court is not required to find a change in circumstances, in addition to considering the best interest of the child, before terminating a shared-parenting plan and decree and designating one parent as the residential parent and legal custodian. Accordingly, we affirm the judgment of the Tenth District Court of Appeals.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, and DONNELLY, JJ., concur.

KENNEDY, J., concurs, with an opinion.

––––––––––––––––––

**KENNEDY, J., concurring.**

{¶ 22} This case is before us for one reason: appellant Marcus Green's reliance on the continued vitality of this court's opinion in *Fisher v. Hasenjager*,

116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546. *Fisher* involved the termination of a decree and plan of shared parenting, and in its decision, this court erred by applying the statutory provision that controls the *modification* of the allocation of parental rights and responsibilities of a decree and plan of shared parenting, R.C. 3109.04(E)(1)(a), to a termination case. That is, *Fisher* treated a termination of a decree and plan of shared parenting like it was a modification of parental rights and responsibilities contained within a decree and plan of shared parenting. Therefore, based on this court's holding in *Fisher*, Green had every reason to believe this court would follow its own precedent and apply R.C. 3109.04(E)(1)(a) in this factually similar case. But we correctly do not follow the flawed precedent of *Fisher* today. Most of Ohio's appellate districts have ignored *Fisher* and have distinguished it into irrelevance, because those courts do not have the power to overrule this court's precedent. But we do have that power, and we should affirmatively state what most domestic-relations courts and courts of appeals have long recognized by their refusal to apply *Fisher*—that *Fisher* was wrongly decided and should be overruled. Because this court does not take that needed final step today, I write separately.

{¶ 23} In *Fisher*, the trial court had entered a decree of shared parenting incorporating the parents' shared-parenting plan in which the parental rights and responsibilities were shared equally. The shared-parenting plan included a detailed visitation schedule. Sometime later, however, both parents moved to become the sole residential parent and legal custodian of the child. During litigation, the trial court concluded that both parties were requesting the termination of the shared-parenting plan and that it was in the best interest of the child to terminate it. The trial court's entry explicitly stated that the court " 'does hereby terminate the shared parenting plan previously entered into by the parties and ordered by this court.' " *Id.* at ¶ 39 (Pfeifer, J., dissenting).

{¶ 24} Pursuant to R.C. 3109.04(E)(2)(d), when the court terminates a prior shared-parenting decree, the court "shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under divisions (A), (B), and (C) of [R.C. 3109.04] as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made." Under R.C. 3109.04(A)(1):

If neither parent files a pleading or motion in accordance with division (G) of this section [i.e., a pleading or motion "requesting the court to grant both parents shared parental rights and responsibilities for the care of the children"] * * * the court, in a manner consistent with the best interest of the children, shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, *designate that parent as the residential parent and the legal custodian of the child*, and divide between the parents the other rights and responsibilities for the care of the children, including, but not limited to, the responsibility to provide support for the children and the right of the parent who is not the residential parent to have continuing contact with the children.

(Brackets and emphasis added.) The trial court in *Fisher* followed the instructions of R.C. 3109.04(E)(2)(d) and (A)(1). As part of the allocation of parental rights and responsibilities, the trial court determined the best interest of the child under R.C. 3109.04(F)(1)(a) through (f) and designated the mother as the residential parent and legal custodian of the child.

{¶ 25} Unfortunately, the trial court in *Fisher* failed to explicitly cite the statutory section it relied upon in deciding the motions of the parties. This led to a

13

mistake at the court of appeals and a wrong-way turn in our jurisprudence. The court of appeals interpreted the trial court's action as a *modification* of a shared-parenting decree, in part because the trial court kept some elements of the original shared-parenting plan in the new decree. The appellate court noted that the trial court's entry stated, " 'All other orders not in conflict with the above shall remain in full force and effect.' " *Fisher v. Hasenjager*, 168 Ohio App.3d 321, 2006-Ohio-4190, 859 N.E.2d 1022, ¶ 16 (3d Dist.).

{¶ 26} But no matter how many terms from an original shared-parenting plan become incorporated into a new decree allocating the parental rights and responsibilities, there is no shared-parenting plan without an allocation of parental rights and responsibilities to *both* parents. *See* R.C. 3109.04(A)(2). If the central element of shared parenting is removed and *one* parent—not both—is named the residential parent and custodian of the child, that is a termination—not a modification—of a decree and plan of shared parenting.

{¶ 27} R.C. 3109.04(A)(1) and (2) make clear that the trial court has only two choices when it comes to allocating parental rights and responsibilities: to "allocate the parental rights and responsibilities for the care of the children primarily to one of the parents [and] designate that parent as the residential parent and the legal custodian of the child" under R.C. 3109.04(A)(1) or to "allocate the parental rights and responsibilities for the care of the children to both parents and issue a shared parenting order" under R.C. 3109.04(A)(2). Therefore, once a trial court has granted an original decree and plan of shared parenting, the central question a trial court faces at the outset of postdecree litigation is whether the parties are seeking to modify the decree and plan of shared parenting or terminate the decree and plan of shared parenting. The answer to that question drives which statute applies.

{¶ 28} And even when the court divides the other rights and responsibilities for the care of the children under R.C. 3109.04(A)(1), including child support and

14

visitation by the nonresidential parent, that is not shared parenting. "The designation of one parent as the residential parent and legal custodian occurs only in cases where shared parenting is rejected. R.C. 3109.04(A)(1)." *Fisher*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, at ¶ 55 (Pfeifer, J., dissenting). Designating one parent as the residential and legal custodian of the child, as the trial court did in *Fisher*, is statutorily incompatible with shared parenting. Therefore, when a court moves from shared parenting to a designation of one parent as the residential parent and legal custodian, it terminates shared parenting.

{¶ 29} Despite the termination of the decree and plan of shared parenting by the trial court in *Fisher*, the court of appeals in *Fisher* termed the trial court's order terminating the decree and plan of shared parenting a modification of a term of the shared-parenting plan thereby requiring the application of R.C. 3109.04(E)(2)(b). On review before this court, we termed the termination of the decree and plan of shared parenting a modification of the allocation of parental rights and responsibilities which required the application of R.C. 3109.04(E)(1)(a) and a finding of a change in circumstances and a determination that the change would be in the best interest of the child.

{¶ 30} We therefore concluded that the court of appeals had erred in holding that a change in residential parent and legal custodian under a decree and plan of shared parenting is a term that can be modified under R.C. 3109.04(E)(2)(b). In the syllabus, this court made the following statement of law: "A modification of the designation of residential parent and legal custodian of a child requires a determination that a 'change in circumstances' has occurred, as well as a finding that the modification is in the best interest of the child. (R.C. 3109.04(E)(1)(a), construed.)" *Fisher* at syllabus. That statement fairly tracks the language of R.C. 3109.04(E)(1)(a), but it had nothing to do with the facts of the case in which it was enunciated. *Fisher* actually concerned the termination of a decree and plan of

shared parenting, so this court's holding regarding a modification of a shared-parenting decree and plan of shared parenting was inapplicable.

{¶ 31} A syllabus, or any legal holding in a case, is dictated by the facts of the case. "The syllabus of a decision of the Supreme Court of Ohio states the law of Ohio, but such pronouncement must be interpreted with reference to the facts upon which it is predicated and the questions presented to and considered by the Court." *Williamson Heater Co. v. Radich*, 128 Ohio St. 124, 190 N.E. 403 (1934), paragraph one of the syllabus. The syllabus in *Fisher* did not arise from the facts in *Fisher* but instead arose from a misinterpretation of the facts of the case. Therefore, the syllabus and holding are invalid and the case should be overturned.

{¶ 32} Green argues that because the facts of this case are the same as in *Fisher*, this court should come to the same result. He writes in his brief:

> The facts in *Fisher* are *identical* to those in the case at bar.
>
> * * *
>
>     * * *
>
>     * * * [B]oth in *Fisher*, and in the case at bar, there was a shared parenting plan. The plan was terminated. The fact that the term "modification" was used in *Fisher* does not undermine its applicability to the case at bar. In both the case at bar and *Fisher*, both parents were the residential parents and the legal custodians under the initial decrees. Under the new decrees, in each case the residential parent and legal custodian status was modified, and one parent was named the sole residential parent and legal custodian. Those simple facts are *irrefutable*.
>
>     * * *
>
> The facts in *Fisher*, and the facts in the case at bar, are not substantially the same—they are *identical*.

(Emphasis sic.)

{¶ 33} Green is correct that the facts in this case are essentially identical to those in *Fisher*. And if this court had applied the correct statutory provision in *Fisher*, then *Fisher* would control this case. But *Fisher* does not apply here, not because there is a relevant factual distinction between that case and this one but because *Fisher* was wrongly decided. *Fisher* treated a termination of a decree and plan of shared parenting as if it were a modification of a shared-parenting plan, when a termination is another thing entirely. A trial court must consider a termination under the standard set forth in R.C. 3109.04(E)(2)(c).

{¶ 34} But this court declines to overrule *Fisher* in this case. With *Fisher* remaining good law, this court now has two different holdings regarding the same fact pattern. This leaves courts of appeals without clear guidance. Courts of appeals, including the court below, that have attempted to distinguish *Fisher* and apply R.C. 3109.04(E)(2)(c)'s best-interest-of-the-child standard in termination cases have had to rely on the fiction that *Fisher* involved a mere modification of the allocation of parental rights and responsibilities, rather than a termination of a shared-parenting decree. *See, e.g.*, *In re A.C.*, 1st Dist. Hamilton No. C-180088, 2019-Ohio-2891, ¶ 18; *Beismann v. Beismann*, 2d Dist. Montgomery No. 22323, 2008-Ohio-984, ¶ 10; *Sayre v. Furgeson*, 2016-Ohio-3500, 66 N.E.3d 332, ¶ 27-28 (3d Dist.); *Rogers v. Rogers*, 6th Dist. Huron No. H-07-024, 2008-Ohio-1790, ¶ 10-13; *Kougher v. Kougher*, 194 Ohio App.3d 703, 2011-Ohio-3411, 957 N.E.2d 835, ¶ 15 (7th Dist.); *In re K.R.*, 11th Dist. Trumbull No. 2010-T-0050, 2011-Ohio-1454, ¶ 48. But those courts have no choice other than to attempt to distinguish *Fisher* into oblivion; "courts of appeals are required to follow the law as it is interpreted by this court," *Mannion v. Sandel*, 91 Ohio St.3d 318, 322, 744 N.E.2d 759 (2001). Courts of appeals leave to supreme courts "the prerogative of

overruling [their] own decisions," *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989).

{¶ 35} By not overruling *Fisher,* we also leave undisturbed the lower courts' statements about that case. For instance, the court in *Beismann* stated that in *Fisher*, this court "upheld a decision of the Third District Court of Appeals in which the court held that a mere change in the designation of the residential parent and legal custodian did not constitute a termination of the shared parenting plan, but rather only a modification of the plan." *Beismann* at ¶ 10.

{¶ 36} We should overrule *Fisher* to make clear that when a trial court eliminates the fundamental element of a decree and plan of shared parenting—the allocation of parental rights and responsibilities to both parents—and instead designates one parent as the residential parent and the legal custodian of the child, it terminates the decree and plan of shared parenting. In such cases, that termination should be granted only if it is in the best interest of the child, pursuant to R.C. 3109.04(E)(2)(c).

{¶ 37} Because this court fails to take this opportunity to clarify the law by overturning its decision that made the law cloudy, I concur separately.

_____

Robinson Law Firm, L.L.C., and Emmett E. Robinson, for appellee.

Randy S. Kurek and Martha A. Rose, for appellant.

_____