[Cite as *Schorr v. Schorr*, 2020-Ohio-6936.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William Schorr, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 19AP-630 |
| v. | : | (C.P.C. No. 13DR-3107) |
| Evelyn Schorr, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 29, 2020

**On brief:** *Wolinetz & Horvath, LLC, Dennis E. Horvath* and *Eric M. Brown*, for appellee. **Argued:** *Dennis E. Horvath.*

**On brief:** *Gloria L. Smith, Attorney & Counselor at Law LLC*, and *Gloria L. Smith*, for appellant. **Argued:** *Gloria L. Smith.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations.

KLATT, J.

{¶ 1} Defendant-appellant, Evelyn Schorr, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that modified the shared-parenting plan regarding the care of Evelyn's children with plaintiff-appellee, William Schorr. For the following reasons, we affirm that judgment.

{¶ 2} The parties married on May 5, 2007, and they had two children during the marriage. When granting the parties a divorce on August 14, 2015, the trial court awarded the parental rights and responsibilities for the care of the children to both parties in a shared-parenting decree, and it adopted the shared-parenting plan the parties had

negotiated. On December 22, 2015, William moved to modify the court's allocation of parental rights and responsibilities. At a hearing before a magistrate, William testified that he wanted the court to terminate the shared-parenting plan. William, instead, sought to be designated the sole residential parent and legal custodian of the children. If the court decided to maintain the shared-parenting plan, then William asked that the court modify it as recommended by the guardian ad litem. (Tr. at 39-40; 1425, 1427-28; Pl.'s Closing Argument at 3.)

{¶ 3} The magistrate issued a decision that declined to terminate the shared-parenting plan and grant William sole custody of the children. However, the magistrate modified the shared-parenting plan consistent with the guardian ad litem's recommendation. Evelyn objected to the magistrate's decision. In a decision and entry dated August 28, 2019, the trial court overruled Evelyn's objections and adopted the magistrate's decision.

{¶ 4} Evelyn now appeals the August 28, 2019 judgment, and she assigns the following errors:

> [1.] The trial court's decision is contrary to law because it failed to apply R.C. § 3109.04(E)(1)(a) to the motion to reallocate parental rights and responsibilities.
>
> [2.] The trial court abused its discretion when it modified the shared parenting plan pursuant to R.C. 3109.04(E)(2)(b).

{¶ 5} Because Evelyn's assignments of error are interrelated, we will address them together. Essentially, Evelyn argues that the trial court erred in not applying R.C. 3109.04(E)(1)(a) to decide William's motion. We disagree.

{¶ 6} R.C. 3109.04(E) sets forth the procedures to be followed in the event that either a parent or the trial court finds it necessary to make changes to a shared-parenting decree or plan. *Bruns v. Green*, __ Ohio St.3d __, 2020-Ohio-4787, ¶ 9. R.C. 3109.04(E)(1)(a) permits a trial court to modify a decree that allocates parental rights and responsibilities for the care of children. R.C. 3109.04(E)(1)(a), however, does not specifically address shared parenting. R.C. 3109.04(E)(2) does. R.C. 3109.04(E)(2)(c) authorizes a trial court to "terminate a prior final shared parenting decree that includes a shared parenting plan * * * upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children." Given the plain

language of R.C. 3109.04(E)(2)(c), "when one or both parents move for termination of the shared-parenting plan, R.C. 3109.04(E)(2)(c) applies" rather than R.C. 3109.04(E)(1)(a). *Bruns* at ¶ 20.

{¶ 7}   Here, William sought termination of the shared-parenting plan.  Thus, R.C. 3109.04(E)(2)(c)—not R.C. 3109.04(E)(1)(a)—initially governed his motion.

{¶ 8}   When the trial court decided against terminating the shared-parenting plan, it turned to R.C. 3109.04(E)(2)(b) to determine whether to grant William's alternative request to modify the plan.  Under R.C. 3109.04(E)(2)(b), a trial court, "on its own initiative or at the request of one or both parents," may modify the terms of a shared-parenting plan when it finds modification in the best interest of the children.  *Bruns* at ¶ 11.  We fail to see how Evelyn could be "blindsided" (as she claims) by the court's application of R.C. 3109.04(E)(2)(b) when William requested modification of the shared-parenting plan in his testimony and the guardian ad litem recommended modification.  Moreover, R.C. 3109.04(E)(1)(a), 3109.04(E)(2)(b), and 3109.04(E)(2)(c) all include the best-interest element, so Evelyn cannot claim she lacked the opportunity to rebut William's evidence in favor of modification.

{¶ 9}   For the foregoing reasons, we overrule Evelyn's two assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

DORRIAN and NELSON, JJ., concur.