[Cite as *In re K.R.J.C.*, 2024-Ohio-632.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| IN THE MATTER OF:<br><br>K.R.J.C. | **CASE NO. 2023-T-0030**<br><br>Civil Appeal from the<br>Court of Common Pleas,<br>Juvenile Division<br><br><br>Trial Court No. 2018 JP 00059 |

### O P I N I O N

Decided: February 20, 2024
Judgment: Affirmed

*Sidney Glover*, pro se, 3992 Allenwood Drive, S.E., Warren, OH 44484 (Plaintiff-Appellant).

*Robert L. Root, III*, 175 Franklin Street, S.E., Warren, OH 44481 (For Defendant-Appellee, Rebecca Lynn Canann).

EUGENE A. LUCCI, P.J.

{¶1}    Appellant, Sidney Glover, ("Father") appeals the judgment overruling his objections to a magistrate's decision that terminated the parties' shared parenting plan and named appellee, Rebecca Lynn Canann, ("Mother") the residential parent and legal custodian of the parties' child.  We affirm.

{¶2}    Father and Mother are the parents of one child, K.R.J.C., born May 13, 2018.  As set forth in a prior appeal, on September 23, 2020, a magistrate issued a decision, adopted by the trial court on the same date, which incorporated and approved

Father's proposed modified shared parenting plan with an amendment of child support, which the magistrate set at $245.74. *Glover v. Canann*, 11th Dist. Trumbull No. 2020-T-0081, 2021-Ohio-2641, ¶ 5. Under the terms of the plan, Father enjoyed regular parenting time with the child from Thursday at 10:00 a.m. until Sunday at 2:00 p.m. *Id.* Father appealed the judgment, and we affirmed. *Id.* at ¶ 24.

{¶3} After the parties began operating under the terms of the shared parenting plan, each party filed motions seeking termination or modification of the parenting plan and alleging the other party committed acts constituting contempt.[1] The trial court appointed a guardian ad litem ("GAL") to serve on behalf of the child's best interests. Thereafter, the trial court held a hearing over the course of three days to address the outstanding issues.

{¶4} Following the hearing, the magistrate issued a decision terminating the shared parenting plan effective February 1, 2023, appointing Mother as the sole residential parent and legal custodian of the child, providing Father with companionship with the child pursuant to the court's standard long distance companionship schedule, and ordering that Father's child support obligation remain unchanged, as the downward deviation that Father had previously received would now be appropriate for travel costs Father would incur to exercise his companionship. The trial court adopted the magistrate's decision on February 2, 2023, and entered judgment. Thereafter, Father filed objections to the magistrate's decision. On March 21, 2023, without a transcript of

---

1. The magistrate's decision sets forth that the effective date of the shared parenting plan for purposes of the instant proceedings was November 21, 2019.

the proceedings before the magistrate having been filed, the trial court overruled Father's objections. Father appeals the judgment overruling his objections.

{¶5} In his brief, Father assigns four errors.[2] We reorder and consolidate certain assigned errors to facilitate our discussion. We begin with Father's third assigned error, wherein he contends:

> [T]he trial court erred, and abused its discretion, in failing to conduct an independent review of the Magistrate's Decision and an independent review of the objected matters.

{¶6} In support of his third assigned error, Father challenges the February 2, 2023 judgment entry adopting the magistrate's decision because (1) the magistrate's decision was time-stamped one minute prior to the judgment entry, negating the trial court's statement that it had reviewed the decision, and (2) the trial court could not have independently reviewed the objected matters when Father's objections had not yet been filed. Father further challenges the trial court's March 27, 2023 ruling on his objections because the judgment entry fails to state that the court independently reviewed the objected matters and because the ruling was issued prior to preparation of the transcript.

{¶7} First, as to the February 2, 2023 judgment entry, we note that the clerk's time-stamp bears no indication as to when the trial court judge received the magistrate's decision. Instead, the time-stamps on the decision and judgment entry indicate only that both were *filed with the clerk* at nearly the same time. Further, pursuant to Juv.R. 40(D)(4)(e)(i):

> The court may enter a judgment either during the fourteen days permitted by Juv.R. 40(D)(3)(b)(i) for the filing of

---

2. Father phrases his assigned errors in the form of questions. We have removed the term "whether" from the beginning of each assigned error reproduced herein so that each assignment reads as an assertion rather than an inquiry.

3

Case No. 2023-T-0030

objections to a magistrate's decision or after the fourteen days have expired. If the court enters a judgment during the fourteen days permitted by Juv.R. 40(D)(3)(b)(i) for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered.

{¶8} Juv.R. 40(D)(3)(b)(i) provides, in relevant part, "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Juv.R. 40(D)(4)(e)(i)." Thus, the trial court may adopt a magistrate's decision prior to the timely filing of objections, and the timely filing of objections automatically stays execution of the judgment pending the trial court's ruling on the objections. "*In ruling on objections*, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." (Emphasis added.) Juv.R. 40(D)(4)(d).

{¶9} Therefore, here, the trial court was not required to independently review the matter in adopting the magistrate's decision on February 2, 2023. Instead, the Juvenile Rules mandate that the trial court independently review the objected matters in ruling on the objections. The ruling on the objections was filed on March 27, 2023. However, Father maintains that this judgment "overruled Appellant's objection prior to the arrival of the transcript and without identifying in its ruling that an independent review had been conducted as to the objected matters." Nevertheless, we are not aware of any requirement that the trial court specifically state that it has independently reviewed the objected matters. Further, the burden is on the objecting party to file the transcript of all evidence submitted to a magistrate supporting an objection to a factual finding within thirty

4

Case No. 2023-T-0030

days after filing the objections unless the court extends the time in writing for preparation of the transcript or other good cause. Juv.R. 40(D)(3)(b)(iii). Father did not seek an extension to file the transcript.

{¶10} Accordingly, Father's third assigned error lacks merit.

{¶11} In his first, second, and fourth assigned errors, Father maintains:

> [1. T]he trial court erred, and abused its discretion, in allocating parental rights and responsibilities that violate Appellant's Ohio Constitutionally Protected Rights.
>
> [2. T]he trial court erred, and abused its discretion, in allocating parental rights and responsibilities that violate Appellant's 14th Amendment Right of the United States Constitution.
>
> [4. T]he trial court erred, and abused its discretion, by deciding upon allocating parental rights and responsibilities considering Appellee's Motion to Terminate Shared Parenting Plan in which the causes for Terminating the Shared Parenting Plan were never proven.

{¶12} In his first assigned error, Father argues that the decision to "terminate" his custodial rights without first finding him unsuitable violates his right to liberty and contravenes the Ohio Supreme Court's decision in *In re Perales*, 52 Ohio St.2d 89, 369 N.E.2d 1047, 1048 (1977). In his second assigned error, Father argues that the Due Process Clause of the Fourteenth Amendment prohibits the court from infringing on his liberty interest that he has to his child without a compelling reason, and the statutory best interest factors involve "private matters" for suitable parents. In his fourth assigned error, Father maintains that Mother failed to prove any of the five bases alleged in her motion to terminate the shared parenting plan.

{¶13} R.C. 3109.04 "sets forth the procedures to be followed in the event that either a parent or the trial court finds it necessary to make changes to a shared-parenting

5

decree or plan." *Bruns v. Green*, 163 Ohio St.3d 43, 2020-Ohio-4787, 168 N.E.3d 396, ¶ 8. R.C. 3109.04(E)(2)(c) provides, in relevant part, "The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(ii) or (iii) of this section if it determines, upon its own motion or upon the request of one or both parents, that shared parenting is not in the best interest of the children."

{¶14} In the magistrate's decision, the magistrate discussed the best interest factors contained in R.C. 3109.04 and found that the child's best interests would be served by terminating the shared parenting plan and designating Mother the residential parent and legal custodian of the child. In Father's objections, he focused his arguments on the parties' rights and responsibilities under the shared parenting plan, Father's compliance with the plan, Mother's noncompliance with the plan, and the magistrate's characterization of the evidence. The trial court overruled the objections noting that the objections were not sufficiently supported by a transcript.

{¶15} On appeal, Father advances constitutional challenges, maintaining that the trial court violated his liberty rights under the Ohio and United States Constitutions. However, Father failed to raise these arguments in his objections to the magistrate's decision. Juv.R. 40(D)(3)(b)(iv) provides, "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." Juv.R. 40(D)(3)(b)(ii) requires "[a]n objection to a magistrate's decision * * * be specific and state with particularity all grounds for objection."

6

{¶16}   "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."   *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

{¶17}   Accordingly, Father has forfeited his constitutional challenges and does not argue plain error.   Nonetheless, we note that while we agree with Father that the Constitutions of both the United States and the state of Ohio afford natural parents paramount rights to custody of their children, Father's reliance on *In re Perales* for the proposition that a finding of unsuitability was required to "terminate" his parental rights is misplaced.   *In re James*, 113 Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467, ¶ 16.

{¶18}   First, Father's parental rights were not "terminated."   Instead, the trial court terminated the shared parenting plan, designated Mother the residential parent and legal custodian, granted Father companionship pursuant to the court's standard long distance guidelines, and ordered Father's child support obligation to remain unchanged.   *See* R.C. 3109.04(A)(1).   Further, the *In re Perales* discussion of parental unsuitability pertains to R.C. 2151.23(A)(2) child custody proceedings *between a parent and a nonparent.   See In re Perales*, 52 Ohio St.2d 89, at syllabus.   The present case involves the allocation of parental rights and responsibilities *between parents*, both of whom have paramount rights to the custody of the child above nonparents.   *See In re Perales* at 96 (in custody disputes between parents, "both of the parents may be eminently qualified to raise the child," and,

7

therefore, "a finding of unsuitability would not be appropriate and the welfare of the child would be the only consideration before the court.").

{¶19} Therefore, to the extent that Father argues the trial court violated his constitutional rights in terminating the shared parenting plan and designating Mother residential parent and legal custodian without first finding Father to be unsuitable, his first and second assigned errors lack merit.

{¶20} Father further argues in his first assigned error that his child support should have been terminated because he never agreed to pay a monetary amount or enter into a contract with the Trumbull County Child Support Enforcement Agency ("TCCSEA"). Father maintains that requiring him to pay support violates the Ohio Constitution, Article II, Section 28, which precludes the General Assembly from passing laws "impairing the obligation of contracts[.]" However, again, Father did not raise this argument in his objections. Instead, Father's objections regarding child support pertained only to the magistrate's admission of an exhibit prepared by the TCCSEA setting forth Father's purported arrearage. Father has not argued plain error on appeal with respect to his constitutional challenge. Accordingly, to the extent that Father argues that requiring him to pay child support through the TCCSEA violates his rights under the Ohio Constitution, his first assigned error lacks merit.

{¶21} In his second assigned error, Father includes an argument that the trial court erred in relying on the GAL's recommendation. Although this contention appears to be beyond the scope of his second assigned error, we briefly address it here. *See State v. Fed. Ins. Co.*, 10th Dist. Franklin No. 04AP-1350, 2005-Ohio-6807, ¶ 7 (Pursuant to App.R. 12(A)(1)(b), this court is required to determine the appeal based upon the

8

assignments of error set forth in the briefs under App.R. 16 and we sustain or overrule only assignments of error and not mere arguments."). In support of his argument, Father maintains "The Guardian Ad Litem never observed Appellant with minor child, never visited Appellant'[s] home[,] never spoke to anyone on Appellant's behalf and failed to file her report prior to trial. Appellant has still never seen the Gua[r]dian Ad Litem's full report." Likewise, in Father's objections, he maintained that the GAL failed to comply with Sup.R. 48 in conducting her investigation and issuing her report.

**{¶22}** However, in an order dated July 19, 2022, the trial court granted the GAL additional time to prepare her report until after the parties submitted their evidence. The July 19, 2022 order further provided that a hearing date would then be scheduled for the GAL to testify as to her report and recommendations. The magistrate's decision indicates compliance with the July 19, 2022 order in that the parties presented their cases on the first two days of trial, held on July 20 and 21, 2022, and thereafter, the GAL testified on the third day of trial, held on July 27, 2022.

**{¶23}** Moreover, the GAL's purported failure to comply with Sup.R. 48, in itself, is not a ground for reversal, as the Rules of Superintendence "'are not the equivalent of rules of procedure and have no force equivalent to a statute. They are purely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual [parties].'" *Allen v. Allen*, 11th Dist. Trumbull No. 2009-T-0070, 2010-Ohio-475, ¶ 31, quoting *State v. Gettys*, 49 Ohio App.2d 241, 243, 360 N.E.2d 735 (1976).

**{¶24}** Accordingly, to the extent that Father argues that the trial court improperly relied on the GAL's report, his second assigned error lacks merit.

9

Case No. 2023-T-0030

{¶25} Included as "issues presented for review" under his second assigned error, Father lists the following two issues not addressed above: "The trial court erred and abused its discretion by failing to provide Appellant with the transcript in a timely manner; and, "The trial court erred and abused its discretion by failing to grant Appellant's Motion to Stay in a timely manner." However, not only do these issues appear to be beyond the scope of Father's second assigned error, Father does not reference these issues in his argument in support of his second assigned error. Accordingly, we do not reach the merits of these issues.

{¶26} As to his fourth assigned error, Father maintains that Mother failed to prove the reasons for termination of the shared parenting plan that she alleged in her motion to terminate the plan. However, Father provides no law supporting his position that the court was bound to the specific bases alleged in Mother's motion to terminate the shared parenting plan. As set forth above, "[t]he court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(ii) or (iii) of this section if it determines, upon its own motion or upon the request of one or both parents, that shared parenting is not in the best interest of the children." R.C. 3109.04(E)(2)(c). To the extent that Father's argument on appeal could be read as challenging the magistrate's determinations as to the child's best interests, his failure to timely procure the transcript for the trial court's consideration in ruling on objections precludes this court from considering whether the magistrate's factual findings were supported. Thus, although the record contains a transcript of the evidentiary hearing before the magistrate, the transcript was not filed until after the objections were ruled

upon and cannot be considered on appeal. *In re D.S.R.*, 11th Dist. Lake Nos. 2011-L-119, 2011-L-130, 2012-Ohio-5823, ¶ 17.

{¶27} Accordingly, Father's fourth assigned error lacks merit.

{¶28} The judgment is affirmed.


MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-T-0030