[Cite as *K.H. v. D.B.*, 2022-Ohio-347.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

Kelly S. Hartman                                    Court of Appeals No.  WM-21-007

    Appellee                                        Trial Court No.  20154034

v.

Dale Barlow                                         **DECISION AND JUDGMENT**

    Appellant                                       Decided:  February 7, 2022

* * * * *

Eric K. Nagel, for appellee.

Ian A. Weber, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Williams County Court of
Common Pleas, Juvenile Division, which terminated the parties' shared-parenting plan
and allocated parental rights and responsibilities for their minor child.  For the reasons set
forth below, this court affirms the judgment of the trial court.

## I.     Background

{¶ 2} The matter before us began with the birth in 2015 of a child, R.B., whose biological parents are appellant and appellee.  Appellant-father, D.B., and appellee-mother, K.H., never married, and appellant's paternity was confirmed through the trial court proceedings.  On January 27, 2017, the trial court journalized its order granting appellant's motion for shared parenting and ordered the parties to comply with the shared-parenting plan incorporated in the decree as being in the best interest of the child.  Among the various aspects of the trial court's decree was the order that, "Each parent, regardless of where the minor child is residing at a particular point in time, shall be the 'residential parent,' 'the residential parent and legal custodian,' and the 'custodial parent' of the child."

{¶ 3} By September 6, 2018, appellee filed a motion to terminate the shared-parenting plan and, among other matters, to be designated the primary residential parent and legal custodian of the minor child.  In response, appellant filed a motion for reallocation of parental rights on October 17, seeking, among other matters, a modification of the shared-parenting plan to be designated the primary residential parent.

{¶ 4} The trial court then appointed a guardian ad litem for the minor child, who recommended to the trial court that the shared parenting arrangement continue, but with the appointment of a parenting coordinator to facilitate the parties' ongoing struggle communicating on the important issues of medical care, schooling, bills, and

2.

extracurricular activities.  On August 6, 2019, the trial court ordered parenting coordination by a court-appointed parenting coordinator "to help the parents resolve their differences concerning the minor children, [minimize] conflict between the parties that could harm the children, and [foster] cooperation between the parents."  By March 19, 2020, the trial court terminated the unsuccessful parenting coordination effort due to a legal conflict that arose when the parenting coordinator's law firm merged with a former attorney in this case.

{¶ 5} On August 5, 2020, appellant filed a new motion for reallocation of parental rights seeking a modification of the shared-parenting plan to be designated the primary residential parent for school enrollment purposes in the school district where he resides because the child was now of school age and the parties only lived 30 minutes apart. Appellant also requested the trial court appoint a new parenting coordinator.

{¶ 6} In response, on August 14, appellee filed a motion for reallocation of parental rights arguing that it is in the best interest of the child to either terminate the shared-parenting plan and to be designated the primary residential parent and legal custodian of the minor child to enroll in the local school where she resides or to modify the shared-parenting plan to permit the child to primarily reside with appellee attend the local school.

{¶ 7} Then on September 2, appellant filed a motion for a temporary order to be designated the residential parent for school enrollment purposes at his local school

district because he and appellee could not agree on which school district to enroll their child.

{¶ 8} The hearing on the pending motions was held on September 16, and the transcript is in the record. The trial court denied the motion for temporary orders, continued the remaining motions, and ordered a home investigation study report, which was completed on February 8, 2021. The final hearing on the pending motions was held on March 5, and the transcript is also in the record. On March 17, the trial court journalized a judgment entry decree terminating the shared-parenting plan as of June 1, 2021, and thereafter designated appellee as the primary resident and legal custodian of the minor child and further allocated the parental rights and responsibilities between the parties. The trial court specifically stated it considered all of the R.C. 3109.04(F) factors for determining the best interest of the child in making that decision. The trial court further found:

> The Court finds pursuant to R.C. 3109.04(E)(1)(a), that facts have arisen since the shared parenting order was entered by this Court, that the child is now school-aged; that the parties are unable to agree or effectively communicate on significant issues in their child's life; and that, although [appellant] chose to move closer to [appellee's] residence recently, he nevertheless chose to reside a substantial distance from [appellee's] home, thereby rendering a week-to-week shared custody arrangement impractical

4.

now that the child has reached school age. The Court therefore finds it to be in the best interests of the child to terminate the shared parenting plan and reallocate the parental rights and responsibilities of the parties, herein.

{¶ 9} Appellant timely appealed the trial court's decision, and on April 27, 2021, this court remanded the matter to the trial court for a final order that includes child support. On May 17, the trial court issued the final order, and on June 11, this court ordered this case reinstated to its docket.

{¶ 10} Appellant sets forth two assignments of error:

1. The trial court abused its discretion when it terminated the parties' shared-parenting plan as in the best interest of R.B.

2. The trial court lacked jurisdiction to terminate the shared-parenting plan making the judgment void.

{¶ 11} We will consider both assignments of error together since each challenges the trial court's decree terminating shared parenting and the consequence of that decision.

## II.     Termination of Shared-Parenting Plan and Decree

{¶ 12} Neither party disputes that since the January 27, 2017 order, they operated under the trial court's shared-parenting decree and shared-parenting plan pursuant to R.C. 3109.04(D)(1)(a)(iii) and (d). Since then appellee sought either termination of the shared-parenting plan pursuant to R.C. 3109.04(E)(2)(c) or, in the alternative, a modification of the shared-parenting plan in order to achieve the result that she be

5.

designated the primary residential parent and legal custodian of the minor child. Concurrently, appellant sought a modification of the shared-parenting plan in order to achieve the result that he be designated the primary residential parent and legal custodian of R.B. By its March 17, 2021 journalized judgment entry, the trial court terminated the shared-parenting decree and shared-parenting plan.

{¶ 13} A "shared-parenting plan is designed to facilitate the award of joint residential and legal custody under a shared-parenting decree by providing terms and provisions that the parties have agreed to in advance." *Bruns v. Green*, 163 Ohio St.3d 43, 2020-Ohio-4787, 168 N.E.3d 396, ¶ 19. "A trial court judge has the power to exercise broad discretion in custody proceedings." *Davis v. Flickinger*, 77 Ohio St.3d 415, 421, 674 N.E.2d 1159 (1997). Abuse of discretion "'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 14} Appellant argues the trial court abused its discretion by failing to consider all of the relevant factors prior to terminating shared parenting pursuant to R.C. 3109.04(F)(1). Specifically, appellant argues there was insufficient evidence for the trial court to conclude "that the parties could not cooperate with each other or make decisions jointly and their distance was too far apart for the parties to continue their week to week

6.

shared parenting plan where there was no request from either party to terminate the parties' shared parenting plan."

{¶ 15} The trial court's March 17, 2021 judgment entry acknowledged the home investigator's testimony at the March 5 custody hearing. The home investigator affirmed both parents clearly love their child, each has an appropriate home for their child, and both "desire to provide proper education and medical care for the child." The home investigator testified she did not find the child was being manipulated or coerced by appellant, despite appellee's allegations. She further testified that appellant's choice of private school provided the child with teachers who helped the child catch up while a "public school would not have allowed four (4) days of attendance every ten (10) days." The school reported the child was happy, made friends, and adjusted well to school, which the investigator contributed to both parents because "they both had equal custody of [the child] at the time." She identified the two points of contention between the parents are, "who was going to make the decision about education and vaccinations," as they lived in different school districts and appellee was opposed to the child receiving any pediatrician-recommended vaccinations after the first year. "It sounded to me like the battles between the two of them were more a battle of the wills * * * and I'm looking at a little five (5) year old in the scenario thinking it has to be tough for the five (5) year old to know that mom and dad have those battles, even over a dance recital, even over where [the child] would go to school or who [the child] would play with. But that falls

7.

on both parents." The investigator was impressed that appellee had resided in Ohio for more years than appellant and knew the local schools.

{¶ 16} Appellant and appellee also testified at the March 5 custody hearing. Appellant testified, in general, about his strong involvement in the child's life and his concern for the child's welfare by enrolling the child in Head Start, parochial school while awaiting the trial court's custody order, extracurricular activities, and medical appointments. Appellee testified, in general, that her parenting approach to the child's school, extracurricular activities, and medical appointments was reasonable. Both parties are unemployed and available for the day-to-day raising of the child. Each party blamed the other when communications between them broke down regarding shared parenting, and they both acknowledged that the child was aware in some way that they did not get along, although there was no disparagement of the other in front of the child. During the hearing the trial court was focused on determining whether the parties could find a way to communicate in the manner necessary to continue with shared parenting. While each party expressed a willingness to cooperate, they ultimately acknowledged that the inability to communicate on the foregoing issues was "the problem."

{¶ 17} Although the home investigator found that the communication problems for shared parenting was on both sides, she recommended that appellee be named the residential parent and legal custodian to make educational decisions and appellant be awarded parenting time so that the child would benefit from having both parents in her

8.

life. The trial court's March 17 judgment entry found that shared parenting was no longer in the best interest of their child:

> The Court finds upon review of the testimony and evidence presented that the parties are unable to communicate effectively or reach compromise or agreement on the major issues pertaining to their child's life and that a shared parenting plan is no longer feasible herein. Furthermore, since [appellant] has chosen to reside in a different town than [appellee] in order to maintain distance between him and [appellee], the alternating week-to-week custody arrangement is no longer in the best interest of their child, who is now school-aged.

{¶ 18} R.C. 3109.04(E)(2)(c) and (d) govern a trial court's decision to terminate a shared-parenting decree that includes a shared-parenting plan and the consequence of that decision. *Bruns*, 163 Ohio St.3d 43, 2020-Ohio-4787, 168 N.E.3d 396, at ¶ 12-13.

{¶ 19} R.C. 3109.04(E)(2)(c) and (d) state:

> In addition to a modification authorized under [R.C. 3109.04(E)(1)]:
>
> * * * (c) * * * The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under [R.C. 3109.04(D)(1)(a)(ii) or (iii)] if it determines, upon its own motion or upon the request of one or both of the parents, that shared parenting is not in the best interest of the children. * * *. (d) Upon the termination of a prior final

shared parenting decree under [R.C. 3109.04(E)(2)(c)], the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under [R.C. 3109.04(A), (B), and (C)] as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made.

{¶ 20} The trial court's best-interest-of-the-child analysis is governed by R.C. 3109.04(F) and is reviewed for an abuse of discretion. *Kurzen v. Kurzen*, 6th Dist. Huron No. H-20-008, 2021-Ohio-1222, ¶ 25. Despite the trial court's recitation of new "facts" since the shared-parenting decree pursuant to R.C. 3109.04(E)(1)(a), it was not required under R.C. 3109.04(E)(2) to first find changed circumstances, in addition to considering the best interest of the child, prior to terminating the shared-parenting plan and decree and designating one parent as the residential parent and legal custodian. *Id.* at ¶ 24.

{¶ 21} Although appellant challenges the trial court's determination of the best-interest-of-the-child factors under R.C. 3109.04(F)(1) and (2), we fail to find the trial court abused its discretion. The trial court's March 17 judgment entry specifically states, "The Court further finds that all factors under [R.C. 3109.04] pertaining to the allocation of parental rights and responsibilities for the care of a child and determination of the best interests of the child under R.C. 3109.04(F) have been considered by the Court herein, and this Court's determination is based upon a consideration of those factors." The trial

10.

court's duty is to "consider" all relevant factors, including the ten factors of R.C. 3109.04(F)(1) and the five factors of R.C. 3109.04(F)(2), which is exactly what the trial court did. *D.C. v. M.M.*, 6th Dist. Huron No. H-21-004, 2021-Ohio-3851, ¶ 15.

{¶ 22} R.C. 3109.04(E)(2)(d) governs the consequence of the trial court's termination of a prior final shared parenting decree under R.C. 3109.04(E)(2)(c): "the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under [R.C. 3109.04(A), (B), and (C)] as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made." As required by R.C. 3109.04(E)(2)(d), the trial court need only apply the best interest of the child factors before allocating the parental rights and responsibilities for the care of the children. *Bruns*, 163 Ohio St.3d 43, 2020-Ohio-4787, 168 N.E.3d 396, at ¶ 13, citing R.C. 3109.04(A)(1); R.C. 3109.04(B)(1).

{¶ 23} We reviewed the entire record and do not find the trial court's attitude was unreasonable, arbitrary or unconscionable when it determined the best interest of the child was to terminate the shared-parenting decree that contained a shared-parenting plan, and reallocate parental rights and responsibilities to designate appellee as the residential parent and legal custodian for educational matters. As stated by the Ohio Supreme Court, no abuse of discretion is found where "the trial court followed the plain language of the

11.

statute [R.C. 3109.04(E)(2)(d)] and awarded custody based on its determination of the child's best interest." *Id.* at ¶ 14.

{¶ 24} As an alternative argument, appellant argues the trial court abused its discretion because it lacked jurisdiction to terminate the shared parenting plan by failing to consider all of the relevant factors pursuant to R.C. 3109.04(F)(1). Appellant argues the trial court was required to consider modification of the parenting plan pursuant to R.C. 3109.04(E)(2) prior to terminating of the shared parenting plan. We disagree.

{¶ 25} A court's subject-matter jurisdiction refers to its statutory or constitutional power to adjudicate the merits of a case. *Baldwin v. Buckles*, 2020-Ohio-2759, 154 N.E.3d 376, ¶ 7 (6th Dist.). We review de novo as a question of law whether a court has subject-matter jurisdiction. *Id.* at ¶ 8.

{¶ 26} Appellant acknowledges that R.C. 3109.04 "gives the domestic relations court its jurisdiction over allocation of parental rights and responsibilities concerning children, including shared parenting plans between parties as addressed in R.C. 3109.04(E)(2)." Upon de novo review we find the plain language of R.C. 3109.04(E)(2) grants the trial court subject-matter jurisdiction over the termination of a shared-parenting decree that includes a shared-parenting plan, as is the case here. Appellee sought termination of the existing shared-parenting plan, and the trial court determined termination was in the best interest of the child pursuant R.C. 3109.04(E)(2)(c). The Ohio Supreme Court has spoken clearly that shared parenting modification review is not

required prior to terminating shared parenting orders: "After considering the language of R.C. 3109.04, we hold that a trial court need consider only the best interest of the child when deciding whether to terminate a shared-parenting plan and which parent to designate as the residential and custodial parent of a minor child." *Bruns* at ¶ 1.

**{¶ 27}** Appellant's first and second assignments of error are not well-taken.

### III.    Conclusion

**{¶ 28}** On consideration whereof, we find substantial justice has been done to appellant, and the judgment of the Williams County Court of Common Pleas, Juvenile Division, is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.            _____

                                                                  JUDGE

Christine E. Mayle, J.          

Gene A. Zmuda, J.               _____
CONCUR.                                                 JUDGE

                                                    _____
                                                   JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.