[Cite as *Dennis v. Dennis*, 2022-Ohio-1216.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| JUSTIN L. DENNIS, | : | APPEAL NO. C-210370 |
|  |  | TRIAL NO. DR-1600776 |
| Plaintiff-Appellant, | : |  |
| vs. | : |  |
|  |  | *O P I N I O N.* |
| NICOLE L. DENNIS, | : |  |
| Defendant-Appellee. | : |  |

Appeal From: Hamilton County Court of Common Pleas, Domestic Relations
Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 13, 2022

*Robert G. Kelly*, for Plaintiff-Appellant,

*William E. Oswall*, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1}   Plaintiff-appellant Justin Dennis ("father") appeals the decision of the trial court granting the motion filed by his ex-wife Nicole Dennis ("mother"), in which mother requested to relocate to Indiana and change their minor child's school placement. For the reasons that follow, we determine that the trial court did not abuse its discretion, and we affirm.

## Background

{¶2}   In 2017, mother and father entered into a shared-parenting plan with respect to their minor daughter. The parties share 50-50 parenting time under the plan. With respect to schooling, the plan provided that the parties' daughter shall attend Harrison, Ohio, schools. At the time of the decree, mother had listed her residence in Harrison, Ohio, and father had remained in the marital home in the Three Rivers School District. The plan further provided that neither party "may remove and establish residence for the minor child outside of Hamilton County, Ohio, or the contiguous Ohio counties without the agreement of the other parent and/or an order from the Court."

{¶3}   In February 2021, mother filed a motion of intent to relocate to Guilford, Indiana. Father filed a motion opposing mother's move to the extent that it would change their daughter's school district. Father requested that the court order their daughter to attend school in the Three Rivers School District, father's school district of residence. The matter proceeded to trial in May 2021.

{¶4}   Mother testified that the parties' daughter was nine years old and finishing her third-grade year. The child had attended the same elementary school in Harrison, Ohio, since kindergarten. At the time of the divorce, mother had an

apartment, but she moved shortly thereafter into her father's home while she and her boyfriend looked for a home. Mother testified that she and her boyfriend had recently bought a house together in Guilford, Indiana, which is in the Sunman-Dearborn School District.

{¶5} Mother, her boyfriend, and her daughter toured North Dearborn Elementary School and felt impressed by the staff, extracurricular activities, and facilities, such as the library and the gym. Sunman-Dearborn had an overall rating of "A-" according to Niche, which was higher than the rating for Three Rivers, father's school district. Mother testified that she had concerns regarding the campus layout in Three Rivers, because the elementary, middle, and high school are all located on one campus. Mother also testified that her daughter had already made friends in the Indiana neighborhood and that she was excited to ride the bus to school.

{¶6} Mother testified that North Dearborn Elementary School is only eight minutes farther than father's driving time to Harrison Elementary School. Mother also testified that she would be willing to pick up their daughter from school every day and meet father or father's mother in a more convenient location if they desired.

{¶7} Mother's live-in boyfriend testified that he has a great relationship with mother's daughter. The boyfriend testified that he recently retired, and that he attends almost all of the child's sporting events. Mother's boyfriend also testified that he helps her with transportation and homework.

{¶8} Father testified that he did not want his daughter to attend school in Indiana, and that he wanted her to attend the elementary school in the Three Rivers School District. Father's main concern was travel time. Father's mother testified that she and her granddaughter are very close and that she often picks her up from school.

Grandmother testified that it would be more difficult for her to pick up her granddaughter from school in the afternoons in Indiana because she would have to leave work earlier.

{¶9} The court-appointed guardian ad litem ("GAL") also testified. The GAL interviewed mother, mother's boyfriend, father, and the parties' daughter and determined that the parties' daughter would have more stability by attending school in her father's district, because father has not moved since the divorce. The GAL determined that mother had moved out of the Harrison district without notifying the school, and that mother unilaterally bought a home in Indiana with the understanding that the decree required approval from father or the court. The GAL acknowledged that the child had told her that she wanted to go to school at North Dearborn.

{¶10} At the conclusion of the trial, the trial court granted mother's request to interview the parties' daughter in camera. The record indicates that the trial court interviewed the daughter on May 26, 2021.

{¶11} The trial court entered a written decision finding that the parties' child's best interest would be served by attending Sunman-Dearborn schools in Indiana. The trial court determined that the shared-parenting plan originally contemplated sending the child to Harrison schools in the mother's district of residence as opposed to father's district, Three Rivers. Mother's move to Guilford, Indiana, was only ten minutes farther from father's house, and the trial court found that an extra ten minutes of driving time was not burdensome. Father had the flexibility with his job as a landscaper to facilitate extra transportation. The trial court also determined that North Dearborn had a better school ranking and a bigger library, and the child had expressed a love of reading. The trial court also found persuasive mother's testimony

that the child wanted to ride the bus to school. The trial court noted the GAL's opinion that mother's multiple moves had created a lack of stability, but the trial court nevertheless determined that father had stayed in the marital home and that mother should not be penalized for moving. Thus, the trial court ordered the parties to enroll their daughter in Sunman-Dearborn schools for the 2021-2022 school year.

{¶12} Father appeals.

### Mother's Move and Changing the Child's School Placement

{¶13} Father's first assignment of error alleges that the trial court abused its discretion in granting mother's motion to relocate and ordering enrollment of their daughter in Sunman-Dearborn schools. Father's second assignment of error alleges that the trial court erred in relying on the false testimony of mother and her boyfriend. Because both assignments of error ultimately challenge the trial court's decision ordering the parties' minor child to attend Sunman-Dearborn schools, we analyze father's assignments of error together.

{¶14} The modification of a shared-parenting plan in which a child's school placement is changed is generally governed by R.C. 3109.04(E)(2)(b). *Marimon v. Marimon*, 1st Dist. Hamilton No. C-210137, 2021-Ohio-3437, ¶ 20, citing *Fritsch v. Fritsch*, 1st Dist. Hamilton No. C-140163, 2014-Ohio-5357, ¶ 21. Under R.C. 3109.04(E)(2)(b), the trial court can modify the terms of the shared-parenting plan so long as the modification is in the best interest of the child. As a general matter, modifications to a shared-parenting plan are reviewed for an abuse of discretion. *Marimon* at ¶ 23, citing *Hall v. Hall*, 4th Dist. Adams No. 16CA1030, 2017-Ohio-8968, ¶ 19.

5

{¶15} In urging reversal of the trial court's decision, father makes several arguments regarding mother's and mother's boyfriend's alleged wrongful behavior. Father argues that mother should not be rewarded for moving out of state prior to receiving a court order. The record shows that mother filed her motion to relocate at the time she entered into a contract on the Indiana home, and that she moved into the home just prior to trial. While mother moved out of state, and technically out of Hamilton County as contemplated by the shared-parenting plan, mother moved only ten minutes farther from father's home on the west side of Hamilton County. Mother could have moved to the eastern edge of Hamilton County, even farther from father, without a court order. The trial court determined that mother's move ten minutes farther from father's home was not unreasonable, and we agree.

{¶16} Father also argues that the trial court did not follow the recommendation of the GAL, who felt that the child should enroll in father's school district, Three Rivers, for her stability. The GAL had sensed the child's anxiety regarding mother's upcoming move during the GAL's home visit, and the GAL found that mother's multiple moves contributed to the child's lack of stability. Nevertheless, the GAL acknowledged the child wanted to attend school at North Dearborn.

{¶17} The trial court chose not to follow the recommendation of the GAL in finding that mother should not be penalized for her multiple moves while father remained in the marital home. The trial court also interviewed the child in camera without the GAL or the child's parents present. Therefore, the trial court did not err in failing to follow the recommendation of the GAL.

{¶18} Father argues that mother lied to Harrison schools and to the court by continuing to enroll her daughter in Harrison schools, despite the fact that mother no

6

longer resided in Harrison. The record shows that father was aware that mother no longer resided in the Harrison school district, yet father did not alert the court or the school district either. Therefore, both parties permitted their daughter to attend school in a district in which neither parent resided.

{¶19} Finally, father argues that mother's boyfriend signed the mortgage and deed for their Indiana home as if he were unmarried, when in fact his divorce was not yet final. The testimony in the record demonstrates that mother's boyfriend's divorce has been pending for several years and that mother's boyfriend intends to follow through with the divorce and to live with mother. Nothing in the record would suggest that mother's boyfriend has acted deceptively toward mother or toward the parties' daughter, and the boyfriend has been supportive of the parties' daughter.

{¶20} Ultimately, both parties acknowledge that their daughter cannot attend school in Harrison legally any longer, so a change of schools was a necessity, unless one of the parties chose to relocate to Harrison. The trial court, as the trier of fact, heard the evidence presented and found that Sunman-Dearborn schools would be in the best interest of the parties' child in that it would offer more educationally and recreationally and would not be much farther in terms of driving distance from father. The trial court's decision was not an abuse of discretion.

{¶21} We overrule father's assignments of error.

### Conclusion

{¶22} The trial court did not abuse its discretion in granting mother's motion to relocate and modifying the child's school placement in the parties' shared-parenting plan. We affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS, P.J.**, and **BOCK, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.