[Cite as *Sharp v. Richmond*, 2025-Ohio-2926.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

KELLY CHRISTINE SHARP,

        Plaintiff-Appellee,

- vs -

JOSHUA ALLEN RICHMOND,

        Defendant-Appellant.

**CASE NO. 2024-L-094**

Civil Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2013 SE 01181

## OPINION AND JUDGMENT ENTRY

Decided: August 18, 2025
Judgment: Affirmed

*Lawrence R. Hupertz*, 37265 Euclid Avenue, Willoughby, OH 44094 (For Plaintiff-Appellee).

*Kelley R. Tauring*, Stafford Law Co., LPA, North Point Tower, 1001 Lakeside Avenue, Suite 1300, Cleveland, OH 44114 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Appellant, Joshua Allen Richmond ("Father"), appeals from the Lake County Court of Common Pleas, Juvenile Division, overruling Father's objections and affirming its judgment adopting the magistrate's decision to terminate the parties' shared parenting order and grant custody of his minor daughter to appellee, Kelly Christine Sharp ("Mother"). Mother did not file an answer brief. For the following reasons, we affirm.

{¶2} The parties have two children, a son, "N.L." (d.o.b. October 6, 2006); and a daughter, "K.L." (d.o.b. March 22, 2010). The trial court adopted the parties' shared parenting plan on March 22, 2016. In an agreed judgment entry on March 12, 2018, the

plan was modified to designate Mother as the residential parent of K.L. and grant Father parenting time and, conversely, to designate Father as the residential parent of N.L. and grant Mother parenting time. The parenting time was scheduled pursuant to Local Rule 5 of the Lake County Court of Common Pleas, Juvenile Division.

{¶3} The instant appeal arises from judgments on three motions Father filed: a motion for visitation on April 17, 2023; an amended motion for visitation, contempt, neglect, and parent alienation on April 19, 2023; and a motion for emergency custody of K.L. on June 26, 2023. A one-day trial was held before a magistrate on August 1, 2024. The magistrate also conducted in camera interviews with the children.

{¶4} The magistrate issued findings of fact and conclusions of law on October 3, 2024. In a thorough decision, the magistrate found the parties have "little to no ability to communicate"; they were not following the court-ordered parenting time schedule prior to Father filing his motions; their animosity towards each other not only impacted the children's relationship with their parents, but also the children's relationship with each other; and they have not made joint decisions as it relates to the children. While Father blamed Mother for missing his parenting time between November 2022 and April 2023, the evidence revealed he never attempted to pick up K.L. for his parenting time.

{¶5} The magistrate made conclusions of law after analyzing whether the parties' shared parenting plan should be terminated pursuant to R.C. 3109.04(E)(2)(c) and considering the best interests of the children using the factors under R.C. 3109.04(F)(1) and (F)(2). The magistrate concluded it was in K.L.'s best interest that Mother be granted custody and that Father be granted parenting time because K.L. is doing very well in Mother's care. K.L. wants to continue residing with Mother, and she is engrained in her

community, which includes schooling and participation in extracurricular activities. The magistrate further concluded it is in N.L.'s best interest that Father be granted custody and that Mother be granted parenting time. N.L. turned 18 in October 2024 and wants to continue residing with Father.

{¶6} On Father's motion for contempt, the magistrate found Father failed to meet his burden of proof to present clear and convincing evidence that Mother was in contempt of court.

{¶7} The following day, October 4, 2024, the trial court adopted the magistrate's decision. On October 23, 2024, Father filed his preliminary objections and a motion for leave to supplement his objections after the transcript was filed. On November 25, 2024, the trial court considered Father's preliminary objections and motion for leave to supplement. The court found that pursuant to Juv.R. 40, Father was required to file a transcript within 30 days after filing objections. The court found the 30 days to file a transcript had expired, a transcript was not filed, and no extension to file the transcript was requested. The court overruled Father's objections, found Father's motion for leave to supplement his objections moot, and affirmed its October 4, 2024 judgment entry adopting the October 3, 2024 magistrate's decision. Father filed a transcript on December 23, 2024, the same day he filed his notice of appeal.

{¶8} Father now appeals, raising one assignment of error:

{¶9} "The trial court's designation of the appellee as the residential parent and legal custodian of the minor child upon the termination of the shared parenting plan should be reversed."

Case No. 2024-L-094

{¶10} In his sole assignment of error, Father contends the trial court erred in its custody determination of K.L. because the court improperly overruled his objections and disregarded the evidence at trial. Father contends the trial court's judgment should be reversed, and he should be designated the residential parent and legal custodian of K.L.

{¶11} Decisions involving the custody of children are accorded great deference on review. *Bates-Brown v. Brown*, 2007-Ohio-5203, ¶ 18 (11th Dist.), citing *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988). Thus, any judgment of the trial court involving the allocation of parental rights and responsibilities will not be disturbed absent a showing of an abuse of discretion. *Id.*

{¶12} An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). "[W]here the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.* at ¶ 67.

{¶13} At the outset, we note that we are bound by a limited review of Father's assignment of error because he failed to timely file a transcript in the trial court. Nor did Father file a motion for an extension of time to do so, as properly found by the lower court. The motion filed by Father to supplement his objections was not, as appellate counsel suggested at the oral hearing, a substitute for a motion for additional time to file the transcript.

{¶14} Pursuant to Juv.R. 40(D)(4)(d), "Action on Objections," which mirrors the language of Civ.R. 53(D)(4)(d), "If one or more objections to a magistrate's decision are

Case No. 2024-L-094

timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."

{¶15} In relevant part, Juv.R. 40(D)(3)(b)(iii), "Objection to Magistrate's Factual Finding; Transcript or Affidavit," provides:

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Juv.R. 40(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. . . . The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶16} "When an objecting party fails to timely file a transcript or affidavit with their objections, a trial court can adopt the magistrate's findings without further consideration, and the objecting party cannot challenge the merits of the factual findings on appeal." *In re D.S.R.*, 2012-Ohio-5823, ¶ 17 (11th Dist.). "If the record contains a transcript of the evidentiary hearing before a magistrate, but if that transcript was not filed until after the objections were ruled upon, it was not before the trial court and cannot be considered on appeal." *Id. See also In re K.R.J.C.*, 2024-Ohio-632, ¶ 26 (11th Dist.) ("failure to timely procure the transcript for the trial court's consideration in ruling on objections precludes this court from considering whether the magistrate's factual findings were supported"); *Starr v. Statler-Houchin*, 2024-Ohio-4628, ¶ 46 (3d Dist.) (failure to file a transcript precluded consideration of whether magistrate's best-interest findings were supported by a substantial amount of competent, credible evidence); *Brown v. Brown*, 2001 WL 1134861, *2 (Sept. 20, 2001 8th Dist.) ("Without having the benefit of the transcript of the

Case No. 2024-L-094

hearing, the trial court was prevented from reviewing testimony presented which formed the basis of the magistrate's decision.").

{¶17} Father's arguments concern the evidence presented at trial, which we are not permitted to review due to his failure to timely file a transcript. Insofar as Father challenges the magistrate's analysis of the best interest factors pursuant to R.C. 3109.04(F)(1) and (2), it is apparent from the magistrate's decision that the magistrate reviewed the applicable factors. Further, the list of factors found in R.C. 3109.04(F)(1) is non-exhaustive, and the court was free to allocate greater weight to the children's wishes due to their ages. "The trial court 'has discretion in determining which factors are relevant,' and 'each factor may not necessarily carry the same weight or have the same relevance, depending upon the facts before the trial court.'" *Krill v. Krill*, 2014-Ohio-2577, ¶ 29 (3d Dist.), quoting *Brammer v. Brammer,* 2013-Ohio-2843, ¶ 41 (3d Dist.). In addition, "there is no requirement that the trial court set out an analysis for each of the factors in its judgment entry, so long as the judgment entry is supported by some competent, credible evidence." *Id.* "'[A]bsent evidence to the contrary, an appellate court will presume the trial court considered all of the relevant "best interest" factors listed in R.C. 3109.04(F)(1).'" *Id.*, quoting *Brammer v. Meachum*, 2011-Ohio-519, ¶ 32 (3d Dist.).

{¶18} Based upon Father's failure to comply with Juv.R. 40(D)(3)(b)(iii), we determine the trial court properly overruled his objections and adopted the magistrate's decision. The trial court was required to accept the magistrate's findings of fact as true and was permitted to examine only the legal conclusions based on those facts since the transcript was untimely filed. *D.S.R.* at ¶ 20. The magistrate's decision thoroughly set

Case No. 2024-L-094

forth findings of fact and conclusions of law, and there is no evidence in the record that shows the trial court failed to conduct an independent review.

{¶19} Finding Father's assignment of error to be without merit, the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.


JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2024-L-094

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit.  It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.

Costs to be taxed against appellant.

_____
JUDGE MATT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-L-094